IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY | PLAINTIFF |
| v. | Civil Action No. 4:21-cv-00155-GHD-DAS |
| TOMMIE FAIRLEY | DEFENDANT |

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Plaintiff's motion for default judgment against the Defendant [9]. Upon due consideration, the Court finds that the motion should be granted.

On November 22, 2021, the Plaintiff filed a Complaint against the Defendant, seeking a declaratory judgment regarding a Builders Risk Policy that the Defendant, who was a licensed general contractor performing construction services, obtained from the Plaintiff [1]. The sole relief sought in the Complaint is a declaration that the subject policy is void under Mississippi law and thereby rescinded [1]. The Defendant was served with process on December 6, 2021, but has failed to plead or otherwise defend this action [3]. Accordingly, upon motion by the Plaintiff, the Clerk of Court entered an Entry of Default against the Defendant on January 21, 2022 [6]. The Plaintiff has now filed the present motion seeking to have the Court enter a default judgment in its favor [9], to which the Defendant has failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the

time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiff has satisfied these requirements in relation to the Defendant.

Because the Defendant has failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC,* No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted).

Because the Plaintiff seeks solely declaratory relief, the Court finds that a separate hearing to determine the scope of relief to which the Plaintiff is entitled is not required. Fed. R. Civ. P. 55(b). Accordingly, a separate order granting the Plaintiff's Complaint for Declaratory Judgment shall be entered.

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment [9] is GRANTED. The Court will enter a separate Order and Judgment Granting the Plaintiff's Complaint for Declaratory Judgment.

SO ORDERED, this, __15th__ day of March, 2022.

                                                                                  SENIOR U.S. DISTRICT JUDGE